COMMONWEALTH of
Kentucky, Appellant,

v.

Jerry RAMSEY, Appellee.

No. 87–SC–252–DG.

Supreme Court of Kentucky.

Nov. 5, 1987.

Rehearing Denied March 3, 1988.

David L. Armstrong, Atty. Gen., Elizabeth Marshall, Asst. Atty. Gen., Frankfort, for appellant.

Robert Cetrulo, Asst. Public Advocate, Covington, for appellee.

WINTERSHEIMER, Justice.

This appeal is from the Court of Appeals reversal of a circuit court judgment convicting Ramsey of receiving stolen property valued at over $100.

The specific question is whether the arresting officer was entitled to search the passenger compartment of a vehicle following an arrest for DUI.

Ramsey was arrested for DUI and for driving without an operator's license. During the roadside stop, the arresting officer saw a chain saw in the back seat of the car partially covered by a jacket. He removed the chain saw and copied the serial number. A computer check revealed no indication that the chain saw was stolen. The officer returned the saw to the car. Ramsey was taken to jail on the DUI charge while his wife left with the auto containing the saw. However, the next morning the owner of a local service station reported the loss of the saw sometime the previous evening. The serial number of the missing chain saw matched the number of the saw found in Ramsey's car.

Evidence was heard that Ramsey, his wife and another woman arrived at a service station owned and operated by the Gerkin family at approximately 10 p.m., October 29, 1985. Ramsey appeared to be drunk and attempted to purchase automobile tires on credit by claiming that a fictitious service station employee had promised him a good deal. Ramsey remained at the Gerkin gas station for approximately 30 minutes and was arrested shortly thereafter. Ramsey relies heavily upon *United States v. Gray*, 484 F.2d 352 (6th Cir.1973) which he characterizes as nearly identical. He argues that the chain saw was not obviously contraband and therefore not the proper subject of a "plain view" search.

In *Gray, supra*, police officers executed a valid search warrant for illegal liquor and moonshining apparatus and discovered two rifles not mentioned in the warrant. The serial numbers of the rifles were copied and checked through the National Crime Information Center (NCIC) computer. The police learned through the computer check that the rifles had been stolen. *Gray* held that copying the serial numbers was an unjustifiable seizure under the plain view doctrine. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

This Court expressly rejected the seizure analysis of *Gray* in *Basham v. Commonwealth*, Ky., 675 S.W.2d 376 (1984). *Basham*, at page 384, held that the mere act of examining the property in plain view while on a lawful search and copying down serial

numbers *does not constitute an unreasonable seizure.* Therefore, Ramsey's reliance on *Gray* is unfounded.

Ramsey does not question the validity of his arrest for driving under the influence of alcohol, KRS 189A.010, an offense for which the driver may be taken into police custody. The probable cause to arrest Ramsey thereby justifies a search of the automobile's passenger compartment under the reasoning of *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). *Belton, supra,* held that when a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

The evidence makes it clear that Ramsey was placed under arrest for DUI and for not having a valid operator's license and was placed in police custody by being ordered to remain in the state police cruiser. The state police trooper then conducted an inspection of the automobile's interior contemporaneous with the arrest.

Taking a serial number from a chain saw located in the passenger compartment of the arrestee's vehicle and believed by the police officer to be stolen, incident to a lawful custodial arrest, was a lawful search.

The arrest and search being lawful and the copying of the chain saw's serial number not an unreasonable seizure, we find the Court of Appeals to be in error and, therefore, reverse.

Accordingly, it is unnecessary to discuss the applicability of a police officer's reasonable suspicions in connection with the plain view doctrine as per *Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

All concur.