COMMONWEALTH of Kentucky, Appellant,

v.

Bruce E. WOOD, Appellee.

No. 1997–CA–001747–DG.

Court of Appeals of Kentucky.

June 4, 1999.

Rehearing Denied July 9, 1999.

Discretionary Review Denied by Supreme Court April 12, 2000.

Michael E. Caudill, Warren County Attorney, Timothy K. Chism, Jr., Asst. Warren County Attorney, Bowling Green, Kentucky, for Appellant.

Irvin J. Halbleib, Louisville, Kentucky, for Appellee.

Before BUCKINGHAM, EMBERTON and HUDDLESTON, Judges.

## OPINION

EMBERTON, Judge:

The Commonwealth appeals from an order of the Warren Circuit Court suppressing evidence seized during a warrantless search of appellee's automobile. The focus of our review is whether the Commonwealth met its burden of establishing that the search falls within one of the exceptions to the warrant requirement. Because we are convinced that it fits squarely within the "incident to arrest" analysis set out in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and adopted by the Kentucky Supreme Court in *Commonwealth v. Ramsey*, Ky., 744 S.W.2d 418 (1987), we conclude that the Commonwealth met its burden and thus the circuit court erred in suppressing the evidence seized.

The facts are neither complex nor in dispute. On November 24, 1995, Officer William Bowles of the Bowling Green Police Department stopped a vehicle driven by appellee Wood for having an expired vehicle registration plate. When Wood was unable to produce a driver's license, Officer Bowles ran a check which revealed

that Wood's operator's license had been suspended for driving under the influence. After arresting Wood, handcuffing him and placing him in the police cruiser, Officer Bowles conducted a search of the vehicle and discovered in the glove compartment a pipe which he suspected of containing marijuana residue. Officer Bowles then charged Wood with possession of marijuana and drug paraphernalia.

Wood subsequently moved the Warren District Court for suppression of the evidence garnered in the search of his vehicle. Upon denial of his motion, Wood entered a conditional plea of guilty to the marijuana charge, subject to an appeal of the suppression issue. In an opinion entered on July 12, 1997, the Warren Circuit Court reversed the decision of the District Court on the basis that the "facts in the instant case cannot be distinguished from those in *Clark v. Commonwealth,* Ky.App., 868 S.W.2d 101 (1994)...." This court thereafter granted the Commonwealth's motion for discretionary review in which it alleged that this case is distinguishable from the *Clark* rationale and falls more appropriately within the *Ramsey* analysis. We agree.

■ Both the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution guarantee the fundamental right to be free from unreasonable searches and seizures, a right protected by the general rule proscribing searches not authorized by a valid search warrant. However, in order to accommodate the exigencies of police work, a number of exceptions to the warrant requirement have evolved, including an "incident to arrest" exception which directs itself at concerns for the safety of the arresting officer as well as at the prompt discovery and preservation of evidence. *Clark, supra,* and *United States v. Robinson,* 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

■ Practically speaking, the "incident to arrest" exception allows for the warrantless search of an arrestee's person and of the area within his immediate control. The United States Supreme Court defined area of "immediate control" as "the area from within which [the arrestee] might gain possession of a weapon or destructible evidence." *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). The parameters of the exception were the subject of further Supreme Court scrutiny in *New York v. Belton, supra,* which concluded that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." 453 U.S. at 460, 101 S.Ct. 2860. Applying the rationale of these cases to the facts here, we are convinced that the search of Wood's vehicle fits within this exception to the warrant requirement.

Despite our conclusion that the search was valid under the previously cited cases, we deem it important to distinguish the rationale at work in *Clark,* which appears to provide support for the circuit court's exclusion of the evidence. The *Clark* court invalidated an automobile search which followed an arrest for minor traffic violations, a factor which the court utilized to remove the case from the purview of *Belton* on the basis that such offenses do not ordinarily give rise to a custodial arrest. In explaining its apparent deviation from the holdings of *Belton* and *Ramsey,* the court expressed concern that the search was not genuinely incident to the arrest as it occurred some distance from the vehicle and after the elapse of some forty minutes from the time of arrest. These circumstances convinced the *Clark* court that the safety and evidentiary rationales for the "incident to arrest" exception had become so attenuated as to make the exception inapplicable.

Thus, in a typical arrest situation such as in the case before us, we must adhere to the *Belton* rule that a warrantless search of an arrestee and his vehicle is to be upheld provided the arrest is proper and

the scope of the search does not exceed that which is necessary to protect society's interest in the safety of police officers (and third persons) and in the preservation of evidence. Unlike the arrest in *Clark*, there is no question that arrest is typical for the offense of driving on a license suspended for DUI. The search in this case immediately followed the arrest and there was the additional concern of a passenger in the vehicle. Therefore, although Wood, who had been removed from the vehicle prior to the search, posed no immediate threat to the officer or others, evidentiary concerns remained.

Accordingly, because we believe that the search of Wood's vehicle falls within the "incident to arrest" exception articulated in *Belton* and *Ramsey*, we reverse the order of the Warren Circuit Court and remand the case for further proceedings consistent with this opinion.

ALL CONCUR.