**Christopher P. LATERZA, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2007–CA–000006–MR.

Court of Appeals of Kentucky.

Jan. 11, 2008.

Darrell A. Cox, R. Leslie Knight, Covington, KY, for appellant.

Gregory D. Stumbo, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Frankfort, KY, for appellee.

Before THOMPSON, Judge; BUCKINGHAM and HENRY,[1] Senior Judges.

*OPINION*

THOMPSON, Judge.

Christopher P. Laterza appeals from a judgment of the Boone Circuit Court following his *Alford* plea to possession of a controlled substance in the first degree. Pursuant to his plea agreement, Laterza reserved the right to appeal the denial of his suppression motion. For the reasons set forth herein, we affirm.

After receiving complaints of drug activity at Laterza's residence at 908 Caitlin Drive in Union, Kentucky, the Boone County Sheriff's Department established video and visual surveillance of the premises. Thereafter, on July 7, 2006, Detective Steve Hill conducted a "trash pull" at Laterza's residence after the trash had been placed on the curb for collection. Upon searching the trash bags, Detective Hill found mail belonging to Laterza and a substance which later tested positive for marijuana. A subsequent "trash pull" yielded identical results.

On July 14, 2006, the Boone District Court issued a search warrant for Laterza's residence. The search warrant was based on the drug evidence obtained as a result of the two "trash pulls." Soon thereafter, the search warrant was executed resulting in the discovery of marijuana and drug paraphernalia in Laterza's residence.

On September 5, 2006, a Boone County grand jury indicted Laterza for possession of marijuana and possession of drug paraphernalia, second offense. Subsequently, Laterza moved to suppress the surveillance video and the evidence obtained as a result of the "trash pulls." While suppressing the surveillance video, the trial court denied his request to suppress the evidence acquired from the "trash pulls."

Following the partial denial of his motion to suppress, Laterza entered a plea of guilty pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to possession of marijuana and possession of drug paraphernalia, second offense. As part of the plea agreement,

---

1. Senior Judges David C. Buckingham and Michael L. Henry sitting as Special Judges by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

Laterza was granted pretrial diversion for two (2) years and reserved the right to appeal the denial of his suppression motion. This appeal follows.

Laterza contends that the trial court erred by not suppressing all evidence obtained after the videotaped surveillance of his residence. Specifically, because the trial court suppressed the surveillance video, Laterza argues that all evidence seized after the taping of the video should be suppressed because such evidence constitutes the "fruit of the poisonous tree." Because Laterza fundamentally misconceives the applicability of the exclusionary clause, we disagree.

On appellate review of a trial court's denial of a motion to suppress, we must apply the two-step process set out in *Ornelas v. U.S.*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996), and adopted by Kentucky in *Adcock v. Commonwealth*, 967 S.W.2d 6 (Ky.1998). First, we review the trial court's findings of fact under the substantial evidence standard. *Id.* at 8. Under this standard, the trial court's findings of fact will be deemed conclusive if they are supported by substantial evidence. *Drake v. Commonwealth*, 222 S.W.3d 254, 256 (Ky.App.2007).

Finally, we conduct a *de novo* review of the trial court's application of the law to the established facts to determine whether its ruling was correct as a matter of law. *Welch v. Commonwealth*, 149 S.W.3d 407, 409 (Ky.2004). Under this standard, we afford no deference to the trial court's application of the law to the facts found. *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky.App.1998). Laterza does not contest the trial court's findings of fact which are supported by the record. Therefore, we accept them as conclusive for purposes of appellate review.

As to the trial court's application of law, on November 27, 2006, Laterza filed a motion to suppress all surveillance videotapes because "they were not provided to Counsel for Defendant for review in a timely fashion and it is in violation of his constitutional rights." In its order, after providing that "The Defendant orally moved the Court to dismiss the Indictment for failure of the Commonwealth to preserve a videotape or in the alternative to exclude the video," the trial court wrote that the defendant's motion to exclude the video is sustained. Contending that all evidence following the illegal videotapes were "fruit of the poisonous tree," Laterza contends that the "trash pulls" and search warrant should have been invalidated.

"Both the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution guarantee the fundamental right to be free from unreasonable searches and seizures, a right protected by the general rule proscribing searches not authorized by a valid search warrant." *Commonwealth v. Wood*, 14 S.W.3d 557, 558 (Ky.App.1999).

When these constitutional provisions are violated, the exclusionary rule provides that evidence obtained from an illegal search is not admissible against a defendant. *Wilson v. Commonwealth*, 37 S.W.3d 745, 748 (Ky.2001). Furthermore, the exclusionary rule extends to the direct as well as to the indirect products of illegal conduct by the government. *Id.* Thus, if evidence is derivative of the original constitutional illegality, it is also excluded as being "fruit of the poisonous tree." *Id.*

Applying the law to the instant case, we conclude that the evidence obtained subsequent to the video surveillance of Laterza's home was not the "fruit of the poisonous tree." Rather than being ruled constitutionally inadmissible, the trial

court ruled the videotapes inadmissible under its broad discretion to control discovery. *Penman v. Commonwealth,* 194 S.W.3d 237, 249 (Ky.2006); Kentucky Rules of Criminal Procedure (RCr) Rule 7.24. The Commonwealth simply failed to timely provide copies of the surveillance videos to the defense.

Therefore, the surveillance videotapes were not obtained illegally and, thus, cannot be the basis for a "fruit of the poisonous tree" claim. Accordingly, the trial court did not err by admitting evidence obtained subsequent to the videotaped surveillance of Laterza's residence.

Furthermore, as the trial court made clear in its order, the search warrant was based on the evidence obtained from the two "trash pulls" which Laterza correctly concedes was proper. Therefore, regardless of the videotapes' alleged illegality, the evidence admitted against Laterza was not obtained in violation of his constitutional rights because it was obtained independently of the video surveillance.

For the foregoing reasons, the judgment of the Boone Circuit Court is affirmed.

ALL CONCUR.