Reyes VALESQUEZ, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2009–CA–000147–MR.

Court of Appeals of Kentucky.

Oct. 28, 2011.

Thomas M. Ransdell, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Courtney J. Hightower, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER, LAMBERT, and THOMPSON, Judges.

## OPINION

LAMBERT, Judge:

Reyes Valesquez appeals from a final judgment and sentence of probation entered by the Fayette Circuit Court on January 22, 2009, pursuant to a conditional guilty plea. Valesquez entered a plea of guilty to first-degree trafficking in a controlled substance, possession of drug paraphernalia, and operating on a suspended or revoked license. This plea was conditioned on Valesquez's right to appeal the trial court's ruling on his motion to suppress the contraband discovered in his vehicle at the time of his arrest. Valesquez argues that the holding set forth in *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009), is controlling in this matter and compels a reversal of the trial court's denial of Valesquez's motion to suppress. In the original opinion rendered February 19, 2010, this Court agreed with Valesquez that the trial court's ruling was erroneous under *Gant*, and we vacated the final judgment as well as the November 18, 2008, order denying Valesquez's motion to suppress. After the Supreme Court of Kentucky denied its motion for discretionary review, the Commonwealth filed a petition for writ of certiorari in the United States Supreme Court. The United States Supreme Court granted the petition and remanded the case to this Court on June 27, 2011, for further consideration in light of its recent decision in *Davis v. United States*, 564 U.S. ——, 131 S.Ct. 2419, 180 L.Ed.2d 285 (2011). Having considered the above-styled appeal in light of *Davis*, we now affirm the trial court's judgment.

On August 17, 2008, Officer Brian Jared of the Lexington Division of Police conducted a traffic stop of Valesquez's vehicle for the sole reason that he failed to use his turn signal when he turned left from a left-turn-only lane. Upon checking Valesquez's license, Officer Jared discovered that Valesquez was driving on a suspended license. Officer Jared then removed Valesquez from his vehicle, performed a brief pat down for weapons, and placed him under arrest for this offense. Prior to placing him in the cruiser, Officer Jared performed a more thorough search of Valesquez's person but found no weapons or contraband.

About the time that Valesquez was being removed from his vehicle, two additional police officers, Officers Sadler and Schwartz, arrived at the scene. While Officer Jared placed Valesquez into the cruiser and remained with him, the other two officers conducted a search of the passenger compartments of Valesquez's vehicle. There is no dispute that incriminating evidence was not in plain sight in the vehicle and that Valesquez was secured in the back of Officer Jared's cruiser during the vehicle search.

While leaning on the backseat in their attempt to look under the driver's seat, the officers discovered that the cover of the backseat was loose and ajar. Officer Sadler used his hand to easily lift the cover, revealing three bags of suspected cocaine and a set of digital scales underneath the cover of the backseat. The officers alerted Officer Jared and showed him their discovery. Officer Jared then returned to the cruiser, informed Valesquez of his *Miranda* rights, and arrested him for the drug offenses and for the turn signal violation. Valesquez agreed to talk to the officers and eventually admitted that he was about to engage in a drug deal.

The Fayette County grand jury indicted Valesquez on October 6, 2008, on charges of trafficking in a controlled substance (Kentucky Revised Statutes (KRS) 218A.1412); use or possession of drug paraphernalia (KRS 218A.500(2)); operating a motor vehicle on a suspended or revoked operator's license (KRS 186.620(2)); and failure to or improper signal (KRS 189.380). Valesquez moved to suppress the fruits of the warrantless search of his vehicle on grounds that the search was conducted in violation of both the United States and Kentucky Constitutions as it exceeded the scope of the basis of his initial arrest. Relying on *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), and *Commonwealth v. Wood,* 14 S.W.3d 557 (Ky.App.1999), the trial court concluded that police have long been permitted to search the entire passenger compartment of a vehicle that was occupied or recently occupied by an arrested person under the "search-incident-to-arrest" exception to the warrant requirement. *See also Thornton v. United States,* 541 U.S. 615, 617, 124 S.Ct. 2127, 2129, 158 L.Ed.2d 905 (2004) (*Belton* also applies to vehicles of recent occupants). Valesquez thereafter entered a conditional guilty plea and appealed to this Court.

During the pendency of this appeal, the United States Supreme Court rendered its opinion in *Gant,* which altered the longstanding rule set forth above. Acknowledging that the Court's holding in *Belton* "has been widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search[,]" the *Gant* Court held that this reading of *Belton* shall now be rejected. 129 S.Ct. at 1718. Instead, the Supreme Court directed that the new reading of *Belton* shall allow police to "search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." 129 S.Ct. at 1719. The *Gant* Court further held that searches of an arrestee's vehicle may also be conducted without a warrant when "it is reasonable to believe [that] evidence relevant to the crime of arrest might be found in the vehicle." *Id.* (Internal citation and quotation omitted). Based upon the holding in *Gant,* this Court originally held that Valesquez's Fourth Amendment rights were violated as a matter of law when the officers searched his vehicle without first obtaining a warrant to do so. And in reversing the trial court's decision, we rejected the Commonwealth's argument that

the good faith exception to the exclusionary rule established in *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), applied to justify the search.

■ We shall now reconsider our holding in light of *Davis, supra.* We begin our analysis by recognizing the applicable standard of review. The standard of review from a denial of a motion to suppress is two-fold. First, we must determine whether the findings of fact are supported by substantial evidence. If so, those findings are conclusive. Kentucky Rules of Criminal Procedure (RCr) 9.78; *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky.1998). If not, the factual findings must be overturned as clearly erroneous. *Farmer v. Commonwealth*, 169 S.W.3d 50, 53 (Ky. App.2005). Second, we must perform a *de novo* review of those factual findings to determine whether the lower court's decision is correct as a matter of law. *Ornelas v. United States*, 517 U.S. 690, 697, 116 S.Ct. 1657, 1662, 134 L.Ed.2d 911 (1996); *Commonwealth v. Banks*, 68 S.W.3d 347, 349 (Ky.2001); *Garcia v. Commonwealth*, 185 S.W.3d 658, 661 (Ky.App.2006); *Stewart v. Commonwealth*, 44 S.W.3d 376, 380 (Ky.App.2000). Because there are no factual disputes at issue, we shall confine our review to whether the decision was correct as a matter of law.

■ While the law in this area continues to evolve, it has long been established that "[b]oth the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution guarantee the fundamental right to be free from unreasonable searches and seizures, a right protected by the general rule proscribing searches not authorized by a valid search warrant." *Commonwealth v. Wood*, 14 S.W.3d 557, 558 (Ky.App.1999). The United States Supreme Court has held that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). One such exception has been carved out for searches incident to an arrest: "[I]n order to accommodate the exigencies of police work, a number of exceptions to the warrant requirement have evolved, including an 'incident to arrest' exception which directs itself at concerns for the safety of the arresting officer as well as at the prompt discovery and preservation of evidence." *Wood*, 14 S.W.3d at 558. It is this exception that is at issue in the present appeal.

In its recently rendered opinion of *Davis*, the United States Supreme Court considered several seminal rulings addressing Fourth Amendment jurisprudence. The Court first discussed its decision in *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), in which it permitted an officer making a lawful arrest to conduct a warrantless search of both the arrestee's person and the area in his immediate control:

This rule "may be stated clearly enough," but in the early going after *Chimel* it proved difficult to apply, particularly in cases that involved searches "inside [of] automobile[s] after the arrestees [we]re no longer in [them]." *See New York v. Belton*, 453 U.S. 454, 458–459, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). A number of courts upheld the constitutionality of vehicle searches that were "substantially contemporaneous" with occupants' arrests. Other courts disapproved of automobile searches incident to arrests, at least absent some continuing threat that the arrestee

might gain access to the vehicle and "destroy evidence or grab a weapon." *Davis,* 131 S.Ct. at 2424 (footnotes omitted).

The *Davis* Court then addressed its holding in *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), indicating that it accepted certiorari in order to resolve the conflict that arose following *Chimel,* as detailed above. The *Belton* Court considered, and upheld, a warrantless search of a vehicle following the arrest of the occupants, which occurred while the un-handcuffed arrestees were lined up on the side of the thruway. "[T]he [*Belton*] Court announced 'that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.'" *Davis,* 131 S.Ct. at 2424 (citing *Belton,* 453 U.S. at 459–60, 101 S.Ct. 2860 (footnote omitted)). While this was considered to be a bright-line rule, courts continued to disagree with its application.

■ The Supreme Court then accepted certiorari in *State v. Gant,* 216 Ariz. 1, 162 P.3d 640 (2007), in which the Arizona Supreme Court had held that *Belton* did not apply in a situation where the vehicle search had been conducted after its occupant had been arrested, handcuffed, and locked inside a patrol car. The Supreme Court affirmed this ruling, announcing a new rule:

> As a result, the Court adopted a new, two-part rule under which an automobile search incident to a recent occupant's arrest is constitutional (1) if the arrestee is within reaching distance of the vehicle during the search, or (2) if the police have reason to believe that the vehicle contains "evidence relevant to the crime of arrest."

*Davis,* 131 S.Ct. at 2425 (citing *Arizona v. Gant,* 556 U.S. 332, 129 S.Ct. at 1719).

■ The search at issue in *Davis,* as in this case, took place prior to the Supreme Court's decision in *Gant,* and the lower court upheld a search of the vehicle after the driver and passenger had been handcuffed and placed into patrol cars based upon *Belton.* On appeal, the Eleventh Circuit had the benefit of the Supreme Court's decision in *Gant* and applied the new rule. It held that the search violated Davis's Fourth Amendment rights, but it declined to apply the exclusionary rule, reasoning that the arresting officer should not be penalized for following binding appellate precedent. The Supreme Court ultimately affirmed the conviction, considering the insufficient deterrent value of the exclusionary rule in such situations and holding that "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule." *Davis,* 564 U.S. at ——, 131 S.Ct. at 2429. It went on to state that "[e]xcluding evidence in such cases deters no police misconduct and imposes substantial social costs. We therefore hold that when the police conduct a search in objectively reasonable reliance on binding appellate precedent, the exclusionary rule does not apply." *Id.* at 2434.

■ Turning back to the case before this Court, we must uphold the trial court's ruling on the motion to suppress as well as the final judgment in light of the holding in *Davis.* We reach this decision despite the fact that the search was clearly illegal in light of *Gant.* Valesquez was not in the vicinity of the vehicle at the time the officers conducted the search, because he had been arrested and placed in Officer Jared's cruiser, and the basis of the search was not to uncover evidence supporting his arrest for driving on a suspended license. And because Valesquez's case was still

pending when *Gant* was rendered, its holding retroactively applies to his case. *See Davis,* 564 U.S. at ——, 131 S.Ct. at 2431. However, the good faith exception to the exclusionary rule applies; the officers conducting the search were operating in a pre-*Gant* situation and were relying on *Belton,* which at the time of the search was read to "authorize automobile searches incident to arrest of recent occupants, regardless of whether the arrestee in any particular case was within reaching distance of the vehicle at the time of the search." *Davis,* 564 U.S. at ——, 131 S.Ct. at 2425. Because the officers conducted the search in reasonable reliance on binding appellate precedent, the exclusionary rule does not apply in this case and the evidence obtained in the search should not have been suppressed. Therefore, the trial court did not err as a matter of law in denying Valesquez's motion to suppress the evidence obtained as a result of the warrantless search of his vehicle.

Accordingly, the judgment of the Fayette Circuit Court is affirmed.

ALL CONCUR.