v.

**COMMONWEALTH of Kentucky, Cabinet for Health and Family Services; B.S.; G.K.; and A.P., Appellees.**

No. 2011–CA–001790–ME.

Court of Appeals of Kentucky.

July 6, 2012.

Kimberly Withers Daleure, Louisville, KY, for appellant.

Sarah M. Steele, Louisville, KY, for appellee.

Before COMBS and STUMBO, Judges; LAMBERT,[1] Senior Judge.

## OPINION

LAMBERT, Senior Judge:

S.S., by and through her court-appointed guardian ad litem ("GAL"), appeals to this Court from an order of the Jefferson Family Court which concluded that her Great–Grandmother had standing to intervene in the suit as a de facto custodian. On appeal, S.S. argues that her Great–Grandmother does not meet the requirements for de facto custodian status under KRS 403.270.

### History

S.S. was born to B.S. ("Mother") on August 13, 2005. On September 13, 2007, she was placed in the temporary custody of G.K. ("Great–Grandmother"), pursuant to a dependency petition filed in the Jefferson Family Court. At the time of the petition, Mother was herself a minor, and was placed in the care of the Cabinet for

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

Health and Family Services (the "Cabinet") in a foster home. Her daughter, S.S., was deemed a dependent child and placed with her Great–Grandmother.

On February 18, 2010, S.S. was returned to Mother's care. Just over eight months later, S.S. was again removed, by emergency custody order, after suffering physical abuse at the hands of Mother's boyfriend. S.S. was placed in a concurrent planning foster home. Great–Grandmother filed a motion on January 11, 2011, to intervene in the case in order to be considered as a placement for S.S., or in the alternative, to have visitation with the child.

A hearing was held on January 27, 2011. Great–Grandmother testified at the hearing, although no exhibits were submitted. She was thereafter granted de facto custodian status by an order of the Jefferson Family Court and granted. visitation with S.S.

The GAL filed a motion asking the court to reconsider its order. In support of the motion, the GAL argued that Great–Grandmother relied upon an unpublished case to establish that the lapse in time of her care for S.S. did not disqualify her as a de facto custodian. Further, the GAL argued that Great–Grandmother could not count her husband's salary as income. The court denied the motion to reconsider, holding that Kentucky Rules of Civil Procedure (CR) 76.28(4)(c) allows for citation to unpublished cases where no other published opinion adequately addresses the issue. Further, the court found that it would be erroneous to separate Great–Grandmother from her husband's income merely because she did not work outside the home.

S.S. now appeals. On appeal, S.S. argues that Great–Grandmother is not a de facto custodian because Great–Grandmother was not the primary financial supporter of S.S. Further, S.S. notes that termination proceedings are scheduled, and that the order of visitation will survive the termination, thus inhibiting her adoption prospects.

## Analysis

■ In reviewing an order determining child custody, we will only set aside the trial court's findings of fact where they are clearly erroneous. *Reichle v. Reichle,* 719 S.W.2d 442 (Ky.1986); CR 52.01. Questions of law are reviewed de novo, however. *Gosney v. Glenn,* 163 S.W.3d 894, 898 (Ky.App.2005). The question presented for our review is whether the trial court erred, as a matter of law, in determining that Great–Grandmother had standing to intervene as a de facto custodian.

■ KRS 403.270 defines a de facto custodian as any person:

> shown by clear and convincing evidence to have been the primary caregiver for, and financial supporter of, a child who has resided with the person for a period of six (6) months or more if the child is under three (3) years of age and for a period of one (1) year or more if the child is three (3) years of age or older or has been placed by the Department for Community Based Services.

The trial court found that S.S. had resided with Great–Grandmother for a period of one year or more, since S.S. resided with Great–Grandmother from September, 2007 through February, 2010. S.S. does not dispute this finding on appeal.[2]

■ However, S.S. argues on appeal that Great–Grandmother was not the pri-

---

**2.** Possession of the child is not a prerequisite to recognition as a de facto custodian. *Sulli-* *van v. Tucker,* 29 S.W.3d 805, 808 (Ky.App. 2000).

mary *financial supporter* for the child during that time period. For this reason, S.S. claims that the trial court erred as a matter of law in holding that Great–Grandmother was a de facto custodian.

S.S. argues that Great–Grandmother was not the primary provider of financial support for *any* period of time because Great–Grandmother's sole sources of personal income were Social Security and Social Security Insurance ("SSI")[3] and only her husband worked outside the home. Inexplicably, the Cabinet concedes that Great–Grandmother was not a de facto custodian because Great–Grandmother's sole sources of income were government assistance and her husband's income. We must disagree.

Rather, the trial court was absolutely correct in stating that there is no authority in the Commonwealth which holds that a de facto custodian cannot be credited with financial support which is in fact provided by the government through public benefits, or their spouse, merely because such monies are not earned through employment. If we were to accept S.S.'s argument on appeal, such a holding would in fact disqualify many individuals who stay at home while their spouses work, persons who are retired, or those who are elderly and drawing social security benefits. Further, it would effectively disqualify the poor and disabled who receive government aid from *ever* achieving de facto custodian status. Such a result was not intended by the General Assembly.

The case cited by S.S. on appeal, *Swiss v. Cabinet for Families and Children*, 43 S.W.3d 796 (Ky.App.2001), was a suit brought by the foster parents of a child, and dealt with a situation where the sole support for the child came from the Cabi-

net. In the present case, Great–Grandmother herself received Social Security and SSI. This is clearly distinguishable from a situation where the only monies received were Aid to Families with Dependent Children ("AFDC") or a per diem amount on behalf of a minor child. Moreover, the cited language in *Swiss* is merely dicta to the holding that foster parents may not make use of the de facto custodian statutes. *Id. Swiss* does not speak to "relative placements," but to traditional foster care placements where the foster parents receive per diem compensation for caring for a child. Great–Grandmother is not a foster parent, but a maternal Great–Grandmother with whom the child was placed.

Further, Great–Grandmother's husband was employed as a truck driver during all relevant time periods. Great–Grandmother and her husband owned their home free and clear. The trial court found that Great–Grandmother's husband was the primary financial supporter of the family. We are aware of no statute or caselaw in the Commonwealth which would suggest that Great–Grandmother must show she derived income through her own employment which was used to support S.S. Certainly, it would be folly to hold that any person who chooses to stay at home while their spouse works (or who is disabled and unable to work) is somehow unable to make use of the de facto custodian statutes.

■ We acknowledge that S.S. also states that visitation would inhibit her "adoptability," so to speak, because the order of visitation would continue on past an adoption. While we sympathize with this situation, S.S. has provided no legal

---

**3.** Grandmother also received food stamps, Women, Infants and Children ("WIC"), and Passport insurance for S.S. while S.S. was in her care. There is no indication in the record that the Social Security or SSI payments she received were on behalf of S.S.

precedent warranting reversal on this basis. Rather, de facto custodian status is the issue before us, and the court's decision to grant visitation to Great–Grandmother has no bearing on whether the court erred as a matter of law in determining her to be a de facto custodian.

For the foregoing reasons, we hereby affirm the Jefferson Family Court.

ALL CONCUR.