RENDERED:  APRIL 30, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1130-MR

COMMONWEALTH OF KENTUCKY                                APPELLANT


v.           APPEAL FROM JEFFERSON CIRCUIT COURT
             HONORABLE BRIAN C. EDWARDS, JUDGE
             ACTION NO. 19-CR-002649


JACOBI WILSON                                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, JONES, AND KRAMER, JUDGES.

GOODWINE, JUDGE:  The Commonwealth appeals from the August 17, 2020

order of the Jefferson Circuit Court granting a motion to suppress evidence seized

from a warrantless search of Jacobi Wilson ("Wilson").  Because the

Commonwealth failed to meet its burden to prove the search and seizure were

reasonable, we affirm.

# BACKGROUND

During the afternoon of September 18, 2019, Louisville Metro Police Officers Gammons and Gadegaard were patrolling in an unmarked police vehicle. They observed Wilson riding a bicycle on an unoccupied public sidewalk in contravention of Louisville/Jefferson County Metro Government Code of Ordinances ("Ordinances") § 74.01(A).[1] When Wilson crossed the street and entered an alley, Officer Gammons, who was driving, performed a U-turn without engaging the vehicle's lights or sirens. While continuing to follow Wilson, he briefly engaged the lights and sirens. Wilson did not stop. After the lights and sirens were disengaged, Officer Gammons sped down the alley behind Wilson.

Wilson pulled his bicycle to the side of the alley. Officer Gadegaard then jumped from the vehicle and began chasing Wilson. Officer Gadegaard yelled "stop" but did not identify himself as a police officer. Upon reaching Wilson, Officer Gadegaard wrestled him to the ground and jumped on top of him. Officer Gadegaard pressed his gun to Wilson's face, yelled profanities, and threatened to shoot him in the head. Wilson attempted to raise his hands, apologized, and explained that he had not heard the officers because he was wearing headphones. Officer Gadegaard discovered a firearm under Wilson's

---

[1] "No person 11 years of age or older shall operate a bicycle on the sidewalks located within the geographical boundary limits of Louisville/Jefferson County Metro Government[.]" Ordinances, § 74.01(A). Wilson concedes he violated this ordinance.

jacket while sitting on top of him. Officer Gammons removed the firearm and Wilson was placed under arrest.

Wilson was subsequently indicted on possession of a handgun by a convicted felon,[2] carrying a concealed deadly weapon by a prior deadly weapon felony offender,[3] and receiving a stolen firearm.[4] He was not charged with any violations of city ordinances or traffic infractions. Wilson then moved to suppress evidence seized by the officers, arguing the search and seizure were prohibited under the Fourth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution.

At the hearing on the motion to suppress, the trial court heard testimony from Officers Gammons and Gadegaard, and footage from their body cameras was entered into the record. The trial court granted Wilson's motion on grounds that the officers did not have probable cause to stop, pursue, or detain Wilson. This appeal followed.[5]

---

[2] Kentucky Revised Statutes ("KRS") 527.040, a Class C felony.

[3] KRS 527.020, a Class D felony.

[4] KRS 514.110, a Class D felony.

[5] Although an order granting a motion to suppress is interlocutory, KRS 22A.020(4) permits the Commonwealth to appeal from it. *Commonwealth v. Norton*, 617 S.W.3d 826, 829 (Ky. App. 2021) (citations omitted).

## STANDARD OF REVIEW

The standard of review of a pretrial motion to suppress is twofold. First, we review the trial court's findings of fact under a clearly erroneous standard. Under this standard, the trial court's findings of fact will be conclusive if they are supported by substantial evidence. We then conduct a *de novo* review of the trial court's application of the law to the facts to determine whether its decision is correct as a matter of law.

*Whitlow v. Commonwealth*, 575 S.W.3d 663, 668 (Ky. 2019) (citation and internal quotation marks omitted).

## ANALYSIS

On appeal, the Commonwealth argues: (1) the trial court's findings of fact are not supported by evidence in the record; and (2) the trial court misapplied the law.

First, the Commonwealth argues several of the trial court's findings of fact are clearly erroneous but does not cite to the record in support of this argument. CR[6] 76.12(4)(c)(v) requires an appellant's argument contain "ample supportive references to the record[.]" A brief may be stricken for failure to comply with this rule. *Commonwealth v. Roth*, 567 S.W.3d 591, 595 (Ky. 2019) (citation omitted).

Supporting factual assertions with pinpoint citations may, in fact, be the most substantial requirement of CR 76.12. Without pinpoint citations to the record, a court must sift

---

[6] Kentucky Rules of Civil Procedure.

through a record to [find] the basis for a claim for relief. Expeditious relief would cease to exist without this requirement. It is well-settled that an appellate court will not sift through a voluminous record to try to ascertain facts when a party has failed to comply with its obligation under [our rules of procedure] . . . to provide specific references to the record.

*Id*. (citations and internal quotation marks omitted). Despite claiming evidence in the record refutes the trial court's findings, the Commonwealth entirely fails to cite to the record in its argument. Accordingly, we decline to address the merits of this argument. *Id*. at 594 (citation omitted).

Next, the Commonwealth argues the trial court misapplied the law in granting Wilson's motion to suppress evidence. Citizens are protected from unreasonable government searches and seizures by the Fourth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution. *Lydon v. Commonwealth*, 490 S.W.3d 699, 701-02 (Ky. App. 2016). "A search conducted without a warrant is *per se* unreasonable." *Id.* at 702 (citations omitted). "[T]he exclusionary rule provides that evidence obtained from an illegal search is not admissible against a defendant." *Laterza v. Commonwealth*, 244 S.W.3d 754, 756 (Ky. App. 2008) (citation omitted). The Commonwealth bears the burden of "justifying the search and seizure under one of the exceptions to the warrant requirement." *Dunn v. Commonwealth*, 199 S.W.3d 775, 776 (Ky. App. 2006) (citations omitted).

The Commonwealth argues a warrant was not required herein because Wilson committed a misdemeanor in the officers' presence. KRS 431.005(1)(d) authorizes an officer to make an arrest "[w]ithout a warrant when a misdemeanor, as defined in KRS 431.060, has been committed in his or her presence[.]" KRS 431.060(2) defines misdemeanors as "[o]ffenses punishable by confinement other than in the penitentiary, whether or not a fine or other penalty may also be assessed[.]" The penalty for violating Louisville/Jefferson County Metro Government Ordinance § 74.01(A) is a fine of not less than six dollars and not greater than fifty dollars. Ordinances, § 74.99(A). Therefore, Wilson's violation of the city ordinance is not a misdemeanor under KRS 431.060(2).

Instead, the Commonwealth argues Wilson committed a misdemeanor under KRS 520.100(1)(a) by fleeing or evading the police in the second degree.

> As a pedestrian, and with intent to elude or flee, the person knowingly or wantonly disobeys a direction to stop, given by a person recognized to be a peace officer who has *an articulable reasonable suspicion that a crime has been committed by the person fleeing*, and in fleeing or eluding the person is the cause of, or creates a substantial risk of, physical injury to any person[.]

KRS 520.100(1)(a) (emphasis added). Again, the Commonwealth fails to cite to the record in support of this argument and makes only the conclusory statement that Wilson fled from the officers. Mere flight from an officer is insufficient to prove an offense under KRS 520.100. *See Commonwealth v. Jones*, 217 S.W.3d

-6-

190, 197 (Ky. 2006) ("But even if Jones's retreat from Teagle is considered to be a 'flight,' that flight, in and of itself, is insufficient to establish probable cause.") (citations omitted).

Herein, the Commonwealth fails to show either officer had an articulable reasonable suspicion Wilson had committed a crime when Officer Gadegaard directed him to stop. The Kentucky Penal Code defines a "crime" as either a misdemeanor or a felony. KRS 500.080(2). A violation of a city ordinance is neither a misdemeanor nor a felony. *Singleton v. Commonwealth*, 364 S.W.3d 97, 104 n.6 (Ky. 2012). Instead, such a violation is "of lesser stature than a crime." *Id.* at 105 (citation and internal quotation marks omitted). The Commonwealth does not allege the officers suspected Wilson committed any offense other than his violation of the city ordinance.[7] Consequently, Wilson did not commit a misdemeanor under KRS 520.100(1)(a) and, as a result, the officers were without authority to arrest Wilson under KRS 431.005(1)(d).

Because the Commonwealth failed to meet its burden to prove the reasonableness of the officers' warrantless search and seizure of Wilson, the trial court properly suppressed the resulting evidence.

---

[7] Before the trial court, the Commonwealth alleged Wilson committed multiple traffic infractions, but it has abandoned those claims in its argument on appeal.

## CONCLUSION

Based on the foregoing, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Jeanne Anderson
Special Assistant Attorney General
Louisville, Kentucky

BRIEF FOR APPELLEE:

Jazmin P. Smith
Louisville, Kentucky