Hollis Deshaun KING, Appellant

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2008–SC–000274–DG.

Supreme Court of Kentucky.

April 26, 2012.

Jamesa J. Drake, Assistant Public Advocate, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General, Joshua D. Farley, Bryan Darwin Morrow, Assistant Attorneys General, Attorney General's Office, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

This case is before this Court on remand from the United States Supreme Court, *Kentucky v. King*, —— U.S. ——, 131 S.Ct. 1849, 179 L.Ed.2d 865 (2011), *rev'g King v. Commonwealth*, 302 S.W.3d 649 (Ky.2010), to determine whether exigent circumstances existed when police made a warrantless entry into an apartment occupied by Appellant Hollis King. We conclude that the Commonwealth has failed to show circumstances establishing the imminent destruction of evidence. We therefore reverse the original ruling of the circuit court and remand.

The facts of this case are discussed in both *Kentucky v. King*, 131 S.Ct. 1849, and *King v. Commonwealth*, 302 S.W.3d 649 (*King I*). The circuit court made findings of fact following a suppression hearing at which Officer Steven Cobb was the only witness. This Court previously held that the circuit court's findings were supported by substantial evidence. *King I*, 302 S.W.3d at 653. We have included additional supporting facts from the suppression hearing as necessary.

On the evening of October 13, 2005, Lexington police were engaged in a "buy bust" operation, whereby a confidential informant purchased crack cocaine from a suspected dealer at an apartment complex. After the suspected dealer sold crack cocaine to the confidential informant, officers moved in to make an arrest. Officer Cobb and other officers responded. Officer Cobb testified that he never had visual contact with the suspect; he and the other officers only knew that the suspect had entered a specific breezeway. As the officers entered the breezeway, they heard a door slam shut, but did not see which apartment the suspect had entered.

Officer Cobb detected the "very strong odor of burnt marijuana." It soon became clear that the smell of marijuana was emanating from the back left apartment. Officer Cobb testified that this strong odor led him to believe that the left apartment door had been recently opened. However, Cobb stated that he did not know which door he had heard close. In fact, Cobb later learned that the suspect had entered the back *right* apartment.

Police knocked loudly on the back left apartment door and announced either, "Police police police!" or "This is the police!" After police announced their presence, Officer Cobb heard "things being moved" inside the apartment. He later described the noise as people moving, as opposed to furniture being moved. At this point, believing that evidence was possibly

being destroyed, the officers made a forced entry into the left apartment. When asked to articulate the reasons he thought justified the forced entry, Officer Cobb stated, "There was a crime occurring inside and also possible destruction of evidence." In his report, Officer Cobb wrote that before making entry, he heard noises "possibly consistent with the destruction of potential evidence." When asked to explain the type of sounds he heard, Officer Cobb testified that "when we've [announced our presence] before, we have had people who have destroyed evidence inside, it's the same kind of movements we've heard inside."

Cobb kicked the back left apartment door open, and officers performed an initial protective sweep looking for the original suspect. Though police did not find the suspected drug dealer, they found three people sitting on couches in the apartment, including Appellant Hollis King. Police also found cocaine, marijuana, and drug paraphernalia, which led to criminal charges against King and the others.

Pretrial, King filed a motion to suppress evidence. Following a suppression hearing, the circuit court denied King's motion. The circuit court concluded that the officers had probable cause based on the odor of burnt marijuana. Further, the circuit court concluded that the lack of response, coupled with sounds which the officers believed to be persons in the act of destroying evidence, provided the requisite exigent circumstances to justify a warrantless entry.

On July 21, 2006, King entered a conditional guilty plea to first-degree trafficking in a controlled substance, marijuana possession, and being a persistent felony offender in the second degree (PFO II). King reserved the right to appeal the circuit court's denial of his motion to suppress.

The Court of Appeals affirmed the judgment of the circuit court. This Court granted discretionary review and reversed the denial of King's motion to suppress evidence. *King I*, 302 S.W.3d at 657. In so doing, we first held that the warrantless entry into the apartment occupied by King was not justified by the "hot pursuit" exception to the warrant requirement. *Id.* at 653–54. We then assumed, for the purpose of argument only, that exigent circumstances existed when police heard sounds of movement after they knocked on the door of the apartment occupied by King. *Id.* at 655. We concluded that "any exigency that did arise when police knocked and announced their presence was police-created, and cannot be relied upon as a justification for a warrantless entry." *Id.* at 657.

The United States Supreme Court granted certiorari in part, —— U.S. ——, 131 S.Ct. 61, 177 L.Ed.2d 1150 (2010), limited to the issue of when "lawful police action impermissibly 'create[s]' exigent circumstances which preclude warrantless entry...." Petition for Writ of Certiorari at i, *Kentucky v. King*, —— U.S. ——, 131 S.Ct. 1849, 179 L.Ed.2d 865 (2011). The Court denied certiorari on the issue of hot pursuit. 131 S.Ct. 61.

Assuming as this Court did that exigent circumstances existed, the U.S. Supreme Court held that police may rely on exigent circumstances so long as "the police did not create the exigency by engaging or threatening to engage in conduct that violates the Fourth Amendment...." *Kentucky v. King*, 131 S.Ct. at 1858. Because the police in this case did not engage in any such conduct, the Supreme Court reversed this Court, but held that "[a]ny question about whether an exigency actually existed is better addressed by the

Kentucky Supreme Court on remand." *Id.* at 1863 (citing *Kirk v. Louisiana,* 536 U.S. 635, 638, 122 S.Ct. 2458, 153 L.Ed.2d 599 (2002)). It is this issue which we now address.

We begin by noting that "the touchstone of the Fourth Amendment is reasonableness," which "is measured in objective terms by examining the totality of the circumstances." *Ohio v. Robinette,* 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996) (internal quotation marks and citations omitted). Under the Fourth Amendment to the United States Constitution, in the absence of consent, police may not conduct a warrantless search or seizure within a private residence without both probable cause and exigent circumstances.[1] *Kirk,* 536 U.S. at 638, 122 S.Ct. 2458; *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Any other search is *per se* unreasonable. *Id.* at 586–87, 100 S.Ct. 1371. *See also Cook v. Commonwealth,* 826 S.W.2d 329, 331 (Ky.1992). The Commonwealth carries the burden to demonstrate that the warrantless entry falls within a recognized exception to the warrant requirement. *Gallman v. Commonwealth,* 578 S.W.2d 47, 48 (Ky.1979). *See also Posey v. Commonwealth,* 185 S.W.3d 170, 173 (Ky.2006); *Commonwealth v. McManus,* 107 S.W.3d 175, 177 (Ky.2003).

The Commonwealth originally argued that the warrantless entry was justified by two categories of exigent circumstances: "hot pursuit" of a fleeing suspect and the imminent destruction of evidence. Because the U.S. Supreme Court denied certiorari on the issue of hot pursuit, we reaffirm our original holding that "there was no hot pursuit justifying the warrantless entry of the back left apartment."

*King I,* 302 S.W.3d at 654. *See United States v. Santana,* 427 U.S. 38, 43, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); *State v. Nichols,* 225 Ga.App. 609, 484 S.E.2d 507, 508 (1997). Because police were not in hot pursuit of a fleeing suspect, i.e., the crack cocaine dealer, our analysis naturally focuses on imminent destruction of evidence and the totality of the circumstances from the time police smelled marijuana emanating from the back left apartment. *See Posey v. Commonwealth,* 185 S.W.3d 170, 173 (Ky.2006). *See also Roaden v. Kentucky,* 413 U.S. 496, 505, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973).

Turning to the question at hand, we conclude that the Commonwealth failed to meet its burden of demonstrating exigent circumstances justifying a warrantless entry. During the suppression hearing, Officer Cobb repeatedly referred to the "possible" destruction of evidence. He stated that he heard people moving inside the apartment, and that this was "the same kind of movements we've heard inside" when other suspects have destroyed evidence. Cobb never articulated the specific sounds he heard which led him to believe that evidence was about to be destroyed.

In fact, the sounds as described at the suppression hearing were indistinguishable from ordinary household sounds, and were consistent with the natural and reasonable result of a knock on the door. Nothing in the record suggests that the sounds officers heard were anything more than the occupants preparing to answer the door.

The police officers' subjective belief that evidence was being (or about to be) destroyed is not supported by the rec-

---

1. In this case, it is undisputed that the smell of marijuana created the requisite probable cause.

ord, and this Court cannot conclude that the belief was objectively reasonable. "[N]o exigency is created simply because there is probable cause to believe that a serious crime has been committed[.]" *Welsh v. Wisconsin,* 466 U.S. 740, 753, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984) (citing *Payton,* 445 U.S. 573, 100 S.Ct. 1371). Exigent circumstances do not deal with mere possibilities, and the Commonwealth must show something more than a possibility that evidence is being destroyed to. defeat the presumption of an unreasonable search and seizure.

Consistent with the instructions on remand from the United States Supreme Court, this Court concludes that exigent circumstances did not exist when police made a warrantless entry of the apartment occupied by Appellant King. Therefore, the denial of King's motion to suppress evidence is reversed, and King's judgment of conviction stands vacated. The case is hereby remanded to Fayette Circuit Court for proceedings consistent with this opinion.

MINTON, C.J.; NOBLE, and VENTERS, JJ., concur. ABRAMSON, J., concurs in result only without separate opinion. CUNNINGHAM, J., dissents simply because he believes the officers involved were acting under exigent circumstances. SCOTT, J., joins.

