

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

**NO. PD-0388-12**

---

**MARCOS TURRUBIATE, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW**
**FROM THE FOURTH COURT OF APPEALS**
**BEXAR COUNTY**

---

**KELLER, P.J., filed a dissenting opinion.**

The Court holds that the potential danger of the destruction of evidence in this case did not create exigent circumstances. The Court then remands the case to the court of appeals to address an issue not previously addressed, namely, whether exigent circumstances were created by potential child-safety concerns. I would hold that the evidence here supported a finding of exigent circumstances. I therefore respectfully dissent.

I believe that the Court has properly applied the United States Supreme Court's ruling

in *Kentucky v. King*[1] to our case law, re-formulating the *McNairy v. State*[2] factors for determining the reasonableness of a warrantless search of a home to prevent the destruction of evidence. I disagree, however, with the Court's application of that new formulation to the facts of this case.

The Court concludes that the ultimate question to consider when determining whether there were exigent circumstances is "whether there is proof that the officer reasonably believed that removal or destruction of evidence was imminent." In answering that question, the Court acknowledges that it is appropriate to consider "whether occupants know the police are 'on their trail' and whether the evidence is readily destructible . . . ."

Here, Deputy Chavarria testified that he felt he needed to act quickly to secure any evidence for the "judicial procedure" and that obtaining a warrant "would require [him] to leave, and at that point, that would create a compromise, as far as the evidence is concerned, that would make the evidence available for destruction." Thus, he "was unable to leave." This was a reasonable conclusion on the deputy's part because Lopez returned to the apartment with a deputy only a short time after his first visit, and because there was a strong smell of the marijuana coming from appellant's home. Accordingly, it was reasonable for the trial court to infer that appellant was also aware of the smell[3] and, as a result, thought that

---

[1] 131 S. Ct. 1849, 179 L. Ed. 2d 865 (2011).

[2] 835 S.W.2d 101 (Tex. Crim. App. 1991)

[3] Appellant never testified concerning the smell of marijuana. But reviewing courts are to give deference to the trial court's findings and all reasonable inferences

the police were "on his trail" when he saw the deputy standing at the door. Because there was information that caused Deputy Chavarria to reasonably believe that appellant would be aware that the police were on his trail for marijuana possession, it was reasonable for the deputy to believe that appellant would immediately seek to remove or destroy the drugs.

The Court states that it "can conceive of many instances in which an occupant possessing illegal narcotics would not attempt to destroy them after a police officer has identified himself at the occupant's door." I agree with the Court's implication that a defendant's knowledge of the police's presence, even if coupled with probable cause, is not enough to create an exigency justifying a warrantless entry. To justify a warrantless entry into a home to prevent destruction of evidence, the record must support a reasonable belief that the occupants of the home believed that the police were aware of the contraband. If there is no reason for the occupant of the home to believe that an officer would be aware of illegal activity, exigent circumstances are not established because there is little to no risk that the contraband will be destroyed. The examples the Court gives to support its point, however, are distinguishable from a situation like the one in the instant case because, unlike in those examples, here there was a "very, very strong smell of marijuana coming from the home," which was testified to by both Lopez and Deputy Chavarria. On this record—where

---

therefrom. *See State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2000). It was reasonable for the trial court to infer that, based on Lopez and Deputy Chavarria's testimonies, appellant smelled the marijuana. This was bolstered by appellant's own testimony that he only "slightly opened the door" when Lopez arrived the first time and "barely cracked open the door" when both Lopez and the deputy arrived.

Lopez returned within an hour with a police officer, and both Lopez and Deputy Chavarria immediately smelled a very strong odor of marijuana—it was reasonable for the deputy to believe that appellant knew that the deputy was aware of his marijuana possession. Thus, Deputy Chavarria's belief that destruction of the contraband was imminent, and that he needed to act quickly to prevent its destruction, was reasonable. Therefore, the evidence in this case supported the trial court's ruling.

I would also point out that the Court relies on some cases that are of questionable relevance in deciding this case. First, the Court discusses *King v. Commonwealth*[4]—the ruling in the *King* case after it was remanded to the state court—for the purpose of showing that the Supreme Court of Kentucky concluded that the sounds heard within the apartment were not enough to establish exigent circumstances. But this question was not addressed by the United States Supreme Court, and the value of the holding of the Kentucky Supreme Court is limited. Nothing in the United States Supreme Court opinion, nor any relevant ruling binding on this Court, requires that there be sounds coming from a home to establish exigent circumstances.

Second, the Court relies on an Eighth Circuit case, *United States v. Ramirez*,[5] because it says that the facts there were "arguably more incriminating than those in the present case," and the federal court held that those facts "did not constitute exigent circumstances under

---

[4] 386 S.W.3d 119 (Ky. 2012).

[5] 676 F.3d 755 (8th Cir. 2012).

*King*." I do not believe that *Ramirez* is relevant to the instant case. Unlike in this case, there was nothing in *Ramirez* that would make the occupants of the hotel room believe that the police were aware of their drug possession. There, unlike here, the police did not arrive roughly an hour after the hotel-room occupants were visited by another state employee with the odor of illegal drugs wafting from the room. In *Ramirez*, there was no evidence of the smell of illegal drugs coming from the room at all (nor any other indications of illegal activity), so there was no reason for the occupants to believe that the police knew anything. The Eighth Circuit specifically stated, "There is no evidence that the men inside [the hotel room] even knew the police were on their trail[,]"[6] which, in my view, makes this case distinguishable.

Furthermore, in *Ramirez*, the police tactics to get the men in the room to open the door were egregious and explained why the occupant who opened the door quickly tried to close it. There, the police tried to open the door themselves, and, after they failed, they covered the peephole on the door and announced "housekeeping." The occupant had the right to try and close the door on an uninvited person engaging in deception, and it was a natural reaction to do so. That is in no way the case here, where there is nothing in the record to suggest any deception on the deputy's part. Put simply, in contrast to the facts in *Ramirez*, the quick return of Lopez with a deputy and the very strong smell of marijuana coming from the apartment distinguishes this case from that one.

---

[6] *Id.* at 758.

I agree with the Court's legal conclusion regarding the effect that *Kentucky v. King* had on our case law concerning when an officer may dispense with a warrant to enter a home to prevent the destruction of evidence.  However, I would hold that the officer in this case had probable cause coupled with exigent circumstances to justify his warrantless entry into appellant's home.  Because the Court does not, I respectfully dissent.

Filed: April 10, 2013
Publish