IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0388-12




 

MARCOS TURRUBIATE, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS



BEXAR COUNTY



 Alcala, J., delivered the opinion of the Court in which Price, Womack,
Johnson, Keasler, Hervey, and Cochran, J.J., joined. Keller, P.J., filed a
dissenting opinion. Meyers, J., did not participate.


O P I N I O N In deciding this petition for discretionary review filed by the State, we address what
constitutes exigent circumstances permitting police officers to enter a home without a warrant.
We agree with the holding by the court of appeals that probable cause to believe that illegal
drugs are in a home coupled with an odor of marijuana from the home and a police officer
making his presence known to the occupants do not justify a warrantless entry. Turrubiate v.
State, 365 S.W.3d 780, 788 (Tex. App.San Antonio 2012). However, because the court of
appeals did not address the State's alternative ground for finding exigent circumstances
regarding child safety, we remand the case to that court to do so.

I. Background An investigator with the Texas Department of Family and Protective Services,
Christopher Lopez, went to the home of Marcos Turrubiate, appellant, to investigate
allegations of marijuana use at that home, in which lived the six-month-old child of Erin
Guller, appellant's girlfriend. When he knocked on the front door, appellant cracked the door
open and stuck out his head. Lopez noticed a strong odor of marijuana emanating from the
home. Lopez asked if Guller or her child were home, and appellant said they were not. Lopez
told appellant that it was imperative that he speak with Guller, gave appellant his card, and
left. Lopez immediately contacted his supervisor and the sheriff's department.

 Lopez was soon met by Deputy Chavarria, and Lopez informed him that the home
smelled like marijuana. Lopez and the deputy knocked on appellant's door. Appellant cracked
open the door, and Lopez again noticed a strong odor of marijuana from within the home. 
Deputy Chavarria also smelled "a very strong, fresh odor of marijuana" coming "from the
crack in the door." In light of his "suspicion to believe that there was possible marijuana in
the house," the deputy determined that entry was required to "prevent [the marijuana] from
being destroyed" and to preserve it for use in prosecution. He thought that if he left to obtain
a warrant, it would "make the evidence available for destruction."

 For this reason, Deputy Chavarria forcibly entered the home, pointed a taser gun at
appellant, handcuffed him, and placed him on the floor. He searched appellant and the
surrounding area for weapons and asked him if there was marijuana in the home. Appellant
confirmed that there was and indicated that it was in a backpack nearby. The deputy located
a plastic baggie of marijuana in appellant's backpack after appellant consented to the search
in writing. Deputy Chavarria placed him under arrest for possession of marijuana.

 Appellant filed a motion to suppress the evidence. Appellant argued that the odor of
marijuana alone does not justify a warrantless entry and that nothing indicated that he
intended to destroy evidence. The trial court denied the motion. (1) The State offered the
marijuana into evidence at trial, and the jury found appellant guilty and sentenced him to one
year in prison, probated. 

 On direct appeal, appellant challenged the trial court's ruling on the motion to
suppress, arguing that the circumstances failed to justify the deputy's warrantless entry into
appellant's home. The court of appeals agreed and reversed. Turrubiate, 365 S.W.3d at 783. 
It held that "the record does not support the existence of exigent circumstances requiring
immediate entry into the apartment without first obtaining a warrant" because "nothing in the
record suggests that destruction of evidence was a risk under the circumstances." Id. at 787. 
Although the State's brief argued that the risk to the child from the presence of marijuana in
the home constituted an exigent circumstance that would permit the warrantless entry, the
court of appeals did not address that argument, instead confining its analysis to the risk of the
destruction of evidence as an exigent circumstance. See id. In its petition for discretionary
review, as in its direct-appeal brief, the State contends that the risk to the child posed by the
presence of marijuana in the home and the risk of the destruction of evidence each are exigent
circumstances that justify this warrantless entry. We address only the risk of destruction of
evidence because the court of appeals has not yet addressed whether there was an exigency
based on any risk to the child. (2)

II. Analysis of Exigent Circumstances Based on Risk of Destruction of Evidence

 A. Standard of Review

 We review a trial court's denial of a motion to suppress under a bifurcated standard of
review. Valtierra v. State, 310 S.W.3d 442, 447-48 (Tex. Crim. App. 2010). We review the
trial court's factual findings for an abuse of discretion, but review the trial court's application
of law to the facts de novo. Id. When the trial court does not issue findings of fact, as here,
findings that support the trial court's ruling are implied if the evidence, viewed in a light most
favorable to the ruling, supports those findings. See State v. Kelly, 204 S.W.3d 808, 818-19
(Tex. Crim. App. 2006). Almost total deference is given to the trial court's implied findings,
especially those based on an evaluation of witness credibility and demeanor. Valtierra, 310
S.W.3d at 447. We will sustain the trial court's ruling if it is reasonably supported by the
record and is correct on any theory of law applicable to the case. Id. 

 Generally, in determining whether the State demonstrated probable cause and exigent
circumstances, appellate review is limited to the record at the time of the suppression hearing.
O'Hara v. State, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000). However, appellate review
may include evidence adduced at trial when, as here, "the suppression issue has been
consensually re-litigated by the parties during trial on the merits." Rachal v. State, 917 S.W.2d
799, 809 (Tex. Crim. App. 1996).

 B. Law Applicable to Warrantless Entry 

 A warrantless entry into a residence is presumptively unreasonable. (3) Gutierrez v. State,
221 S.W.3d 680, 685 (Tex. Crim. App. 2007). When a defendant moves to suppress evidence
based on a warrantless search, the State has the burden of showing that probable cause existed
at the time the search was made and that exigent circumstances requiring immediate entry
made obtaining a warrant impracticable. McNairy v. State, 835 S.W.2d 101, 106 (Tex. Crim.
App. 1991). Probable cause exists when reasonably trustworthy circumstances within the
knowledge of the police officer on the scene would lead him to reasonably believe that
evidence of a crime will be found. See id. If probable cause exists, exigent circumstances
may require immediate, warrantless entry by officers who are (1) providing aid to persons
whom law enforcement reasonably believes are in need of it; (2) protecting police officers
from persons whom they reasonably believe to be present, armed, and dangerous; or (3)
preventing the destruction of evidence or contraband. Gutierrez, 221 S.W.3d at 685. We
address the State's argument regarding the third circumstance and remand for the court of
appeals to address the State's argument regarding the first circumstance. 

 1. Imminent Destruction of Evidence: McNairy factors and 

 Kentucky v. King


 Before the Supreme Court's decision in Kentucky v. King, this Court, in McNairy v.
State, identified five factors relevant to a reasonable determination by the searching officers
that evidence might be destroyed or removed before they could obtain a search warrant. See
Kentucky v. King, 131 S. Ct. 1849 (2011); McNairy, 835 S.W.2d at 107. The five
circumstances were as follows:

(1) the degree of urgency involved and the amount of time necessary to obtain
a warrant; 


(2) a reasonable belief that the contraband is about to be removed; 


(3) the possibility of danger to police officers guarding the site of the
contraband while a search warrant is sought; 


(4) information indicating that the possessors of the contraband are aware that
the police are on their trail; and 


(5) the ready destructibility of the contraband and the knowledge that efforts
to dispose of narcotics and to escape are characteristic behavior of persons
engaged in the narcotics traffic.


McNairy, 835 S.W.2d at 107. 

 The State argues that the court of appeals's application of these factors conflicts with
the recent Supreme Court opinion in King. See 131 S. Ct. 1849. The State argues that, under
King, the primary inquiry in deciding the legality of a warrantless entry is whether an officer
reasonably believed that entry was necessary to prevent the destruction of evidence. See id.
It contends that the existence of probable cause combined with the deputy making his
presence known to the occupants and the strong odor of marijuana emanating from the home
justified the deputy's inference that the destruction of evidence was imminent so as to permit
the warrantless entry. We disagree. 

 In King, the Court held that, when probable cause and exigent circumstances exist,
police officers may enter a home without a warrant, even when their conduct created the
exigency, as long as the officers did not create the exigency by violating or threatening to
violate the Fourth Amendment. Id. at 1858. The Court assumed that an exigency existed and
decided only the question, "Under what circumstances do police impermissibly create an
exigency?" Id. at 1862-63. The Court determined that police officers loudly knocking on the
door of an apartment and announcing their presence did not violate or threaten to violate the
Fourth Amendment. Id. at 1863. It disavowed many state-court approaches, including faulting
a police officer who, after acquiring evidence sufficient to establish probable cause to search,
did not seek a warrant, but instead knocked on the door to speak with an occupant or to obtain
consent to search. Id. at 1860.

 Nothing in King supports the State's contention that a police officer who has probable
cause to believe that there are illegal narcotics in a home may enter that home without a
warrant after he has identified himself as an officer and made his presence known to the
occupant if there is a noticeable odor of marijuana emanating from the home. See id. The
State's approach would abandon the requirement that the record affirmatively show facts that
reasonably indicate exigent circumstances that a defendant was attempting to, or would
attempt to, destroy evidence, a requirement vital to the Supreme Court's holding in King.
Compare id. at 1856-57. The State's interpretation would permit a presumption that an
occupant will attempt to destroy illegal narcotics merely because he possesses them and is
aware of the presence of police, and there is an odor of marijuana. The State's proposed
approach is ultimately premised upon generalizations regarding the behavior of individuals
who are in possession of illegal narcotics, namely, that they will take immediate action to
destroy evidence if the police are at their door and an odor of marijuana fumes is present.

 An approach based on such generalizations, however, is not authorized by King. See
id. at 1862. The Supreme Court's analysis in King states,

 When law enforcement officers who are not armed with a warrant knock on a
door, they do no more than any private citizen might do. And whether the
person who knocks on the door and requests the opportunity to speak is a police
officer or a private citizen, the occupant has no obligation to open the door or
to speak. And even if an occupant chooses to open the door and speak with the
officers, the occupant need not allow the officers to enter the premises and may
refuse to answer any questions at any time. Occupants who choose not to stand
on their constitutional rights but instead elect to attempt to destroy evidence
have only themselves to blame for the warrantless exigent-circumstances search
that may ensue.

Id. (internal citations omitted) (emphasis added). The Supreme Court did not presume that
possessors of narcotics would destroy evidence upon learning of a police presence, but instead
held that only those occupants who attempted to destroy evidence would be subjected to a
warrantless exigent-circumstances search. Id. In other words, the Court required that the
record show proof of imminent destruction based on affirmative conduct by those in
possession of narcotics in a particular case. See id. (4)

 In light of King, we conclude that the five McNairy factors no longer adequately assist
a court in determining whether the record shows an exigent circumstance. See id.; McNairy,
835 S.W.2d at 107. The first circumstancethe degree of urgency involved and the amount
of time necessary to obtain a warrantand the third circumstancethe possibility of danger
to police officers guarding the site of the contraband while a search warrant is soughtare
now immaterial to the exigent-circumstances evaluation. See King, 131 S. Ct. at 1962;
McNairy, 835 S.W.2d at 107. The second circumstance, which permits consideration of
whether there is a reasonable belief that the contraband is about to be removed, essentially
allows the court to consider the ultimate question at issue, which asks whether there is proof
that the officer reasonably believed that removal or destruction of evidence was imminent. See
King, 131 S. Ct. at 1862. Although it remains appropriate for a court to consider McNairy's
fourth and fifth circumstances regarding whether occupants know the police are "on their
trail" and whether the evidence is readily destructible, these factors are merely aids in a
court's assessment of the entire record in determining whether the officer reasonably believed
that the removal or destruction of evidence was imminent. See id.; McNairy, 835 S.W.2d at
107. 

 2. Circumstances Did Not Show Destruction of Evidence Imminent

 The State contends that, given the strong odor of marijuana emanating from appellant's
home, it was reasonable for the trial court to conclude that appellant was aware that the police
were on his trail when he opened the door. Despite the lack of furtive movements, the State
contends that these circumstances, alone, gave the officer reason to believe that appellant
would attempt to destroy the marijuana absent immediate intervention. We disagree. 

 We can conceive of many instances in which an occupant possessing contraband would
not attempt to destroy it after a police officer has identified himself at the occupant's door.
For example, a police officer may have probable cause to believe that a high-school student
is in possession of marijuana that he sells from his bedroom in his parents' home. The
student's parents, knowing that the officer is on the student's "trail" for the marijuana in their
home, would not necessarily attempt to destroy the contraband. But the State's proposed
approach would permit the warrantless search because an officer has probable cause and there
is a presumed exigency that someone in possession of contraband will destroy it when he
knows a police officer is on his trail. Or an occupant may know that it would be futile to
attempt to destroy the illegal substance, such as someone in possession of 100 kilos of well-packaged cocaine. Or an occupant may decide to risk keeping the illegal substance despite the
police presence, such as someone who believes he has successfully concealed the substance
against police search. A reviewing court should not presume, therefore, that a showing that
an occupant possessed contraband and that an officer with probable cause knocked and
announced himself also shows that destruction of evidence was imminent. 

 Although the Supreme Court did not reach the ultimate question as to whether there
actually were exigent circumstances in King, the Court discussed the evidence that tended to
show the existence of those circumstances. King, 131 S. Ct. at 1862. This included evidence
that (1) police officers smelled marijuana coming from an apartment and (2) after officers
banged on the apartment door, they "'could hear people inside moving,'" and "'[i]t sounded
as [though] things were being moved inside the apartment.'" Id. at 1854. Those noises led the
officers to believe that "drug-related evidence was about to be destroyed." Id.

 By comparison, the only facts that purportedly establish exigent circumstances in this
case are the odor of marijuana and appellant's knowledge that a police officer was at
appellant's door. Lacking is the additional evidence discussed in King of attempted or actual
destruction based on an occupant's movement in response to the police knock. Id. We require
some evidence of exigency beyond mere knowledge of police presence and an odor of illegal
narcotics. (5) 

 We agree with the court of appeals that nothing in the record suggests that destruction
of evidence was imminent under the circumstances. See Turrubiate, 365 S.W.3d at 787.
Appellant voluntarily answered the door both times Lopez knocked and did not engage in any
conduct suggesting that he intended to destroy evidence, such as making furtive movements
after seeing Deputy Chavarria at the door.

 Similarly, the state court in King on remand from the Supreme Court determined that
the facts in that case, which included the additional circumstance of sounds of things being
moved inside the apartment, did not establish exigent circumstances. King v. Commonwealth,
386 S.W.3d 119, 122-23 (Ky. 2012, pet. for cert. filed). Concluding that the officers' belief
that evidence was about to be destroyed was not supported by the record, the court noted that
the sounds described by the officers "were indistinguishable from any household sounds, and
were consistent with the natural and reasonable result of a knock on the door." Id. It explained
that probable cause to believe that a crime has been committed does not necessarily create
exigent circumstances and held that the State "must show something more than a possibility
that evidence is being destroyed to" constitute an exigent circumstance. Id. at 123. 

 The Eighth Circuit recently held that facts arguably more incriminating than those in
the present case did not constitute exigent circumstances under King. United States v.
Ramirez, 676 F.3d 755, 761-63 (8th Cir. 2012). In United States v. Ramirez, the record
revealed that officers had probable cause to believe that occupants of a hotel room were in
possession of illegal drugs. Id. at 758. The officers knocked on the hotel-room door and heard
"the sound of an individual approaching the door." Id. No one, however, answered the door.
Id. Having already obtained a key to the room, an officer unsuccessfully attempted to open
the door with it, while blocking the peephole and announcing "housekeeping." Id. When an
occupant partially opened the door, the officers announced themselves, and the occupant tried
to shut the door. Id. The officers forced the door open and found contraband within the room.
Id. 

 Concluding that the circumstances did not justify the officers' warrantless entry, the
Court noted that the officers had neither seen nor heard anything indicating that the occupants
might imminently destroy evidence. Id. at 763. The Court observed that there was "no dead
bolt lock being engaged, no toilet flushing or a shower or faucet running, and no shuffling
noises or verbal threats emanating from the room; nor did the officers have any information
that an occupant of room 220 had attempted to escape through a window, nor any indication
that these individuals were armed or dangerous." Id. The Court explained that, "when the
police knock on a door but the occupants choose not to respond or speak, or maybe even
choose to open the door and then close it, or when no one does anything incriminating, the
officers must bear the consequences of the method of investigation they've chosen." Id. at
762. The Court observed that, even assuming the officers were "conducting a run-of-the-mill
attempt to simply knock and gain entry," the occupant was not obligated to allow them to
enter and was "within his bounds in his attempt to close the door." Id. The Court concluded
that the occupant's attempt to shut the door in response to the officers' knock did not support
the exigency and "[t]hat he did so, without more, does not bolster the claim that it was
reasonable to conclude that the destruction of evidence was imminent." Id. Similarly, given
the absence of evidence in the present case showing that the destruction of evidence was
imminent, we agree with the court of appeals that the record does not support the deputy's
warrantless entry into appellant's home on that basis.

III. We Remand Case for Court of Appeals to Decide State's Alternative Ground


 In its brief to both the court of appeals and to this Court, the State alternatively
contends that another exigent circumstance justified the warrantless entry, namely, that a
police officer in Deputy Chavarria's position would have reasonably believed that the
presence of marijuana in the home was endangering the health and safety of the six-month-old
baby who lived there. (6) See Gutierrez, 221 S.W.3d at 685. The emergency-doctrine exception
to the Fourth Amendment permits police officers to make warrantless entries and searches
when they reasonably believe that a person within is in need of immediate aid. Id.; Shepherd
v. State, 273 S.W.3d 681, 683-84 (Tex. Crim. App. 2008). If a search is justified for that type
of exigency, the police may seize any evidence that is in plain view or otherwise lawfully
obtained during the course of their legitimate emergency activities. See Shepherd, 273 S.W.3d
at 683-84; Reasor v. State, 12 S.W.3d 813, 817 (Tex. Crim. App. 2000). 

 The State explains that an officer would have reasonably believed that exigent
circumstances existed based on (1) appellant's admission that a child lived in the home; (2)
the report submitted to the children's protective agency that alleged marijuana use inside that
home; and (3) the noticeable odor of marijuana coming from inside the home. The court of
appeals did not address the State's contention that the deputy's entry was justified by an
objectively reasonable belief that the child required immediate aid. See Gutierrez, 221 S.W.3d
at 685. Because this alternative ground, if supported by the record, may have been the basis
to properly uphold the trial court's finding of exigent circumstances, the court of appeals erred
in failing to address it. See Valtierra, 310 S.W.3d at 447-48 (reviewing court will sustain trial
court's ruling if that ruling is "reasonably supported by the record and is correct on any theory
of law applicable to the case"); Tex. R. App. P. 47.1 (appellate court must hand down an
opinion that addresses every issue raised and necessary to final disposition of appeal). We
remand this case to the court of appeals, therefore, to decide whether the State made the
argument regarding the imminent risk to the baby at trial and, if not, whether the court of
appeals may nonetheless address that argument on appeal because it is an alternative basis to
uphold the trial court's ruling. See Gipson v. State, 383 S.W.3d 152, 159 (Tex. Crim. App.
2012) (appellate court may not reverse conviction without first addressing preservation
issues). We sustain the State's sole issue in part. 

IV. Conclusion

 A police officer who enters a home without a warrant merely because he had probable
cause to believe contraband was in that home, smelled marijuana, and identified himself to
the occupant of that home violates the Fourth Amendment. We, however, reverse the
judgment of the court of appeals and remand the case to that court to decide the State's
appellate arguments with respect to the safety of the child. 


Delivered: April 10, 2013

Publish
1. The trial judge did not render a ruling at the hearing and indicated that she would issue a
ruling before trial. About five weeks later and several months before the trial had begun, she
tendered a letter to the parties informing them that she was denying the motion, and that letter was
made a part of the record on appeal. See Gearing v. State, 685 S.W.2d 326, 329 (Tex. Crim. App.
1985) ("It is settled that when a pre-trial motion to suppress evidence is overruled, the accused need
not subsequently object to the admission of the same evidence at trial in order to preserve error.").
Neither party requested findings of fact or conclusions of law. 
2. The State's sole ground in its petition for discretionary review states, 


The Court of Appeals' opinion fails to read the record in a light most favorable to the
trial court's ruling and fails to consider the totality of the circumstances in
contravention of the appropriate standard of review, resulting in an erroneous
conclusion that no exigency existed to justify the deputy's warrantless entry into the
appellant's residence in conflict with the United States Supreme Court's opinion in
Kentucky v. King[, 131 S. Ct. 1849 (2011)].
3. Within the last few weeks, the Supreme Court reiterated that at the Fourth Amendment's
"'very core' stands 'the right of a man to retreat into his own home and there be free from
unreasonable governmental intrusion.'" Florida v. Jardines, 569 U.S. ___, No. 11-564, 2013 U.S.
LEXIS 2542, at *7-8 (U.S. Mar. 26, 2013) (not yet reported) (quoting Silverman v. United States,
365 U. S. 505, 511 (1961)). Citing King, the Supreme Court reaffirmed that "[a] police officer not
armed with a warrant may approach a home in hopes of speaking to its occupants, because that is
'no more than any private citizen might do.'" Id. at *11 (quoting King, 131 S. Ct. at 1862).
4. The Fifth Circuit has also recently explained that the mere possibility that evidence may be
destroyed does not give rise to a finding of exigent circumstances. United States v. Menchaca-Castruita, 587 F.3d 283, 295-96 (5th Cir. 2009). It rejected the government's argument based on
generalizations regarding drug traffickers and instead required evidence of more specific
circumstances to support an officer's belief that delay to obtain a warrant will result in the destruction
of evidence. Id.
5. See, e.g., Gutierrez v. State, 221 S.W.3d 680, 683 (Tex. Crim. App. 2007) (exigent
circumstances existed where (1) officers had tip that appellant had a stolen computer; (2) appellant
saw officers arrive at his home and met them outside; (3) officers smelled marijuana from inside the
home; (4) officers questioned him about the computer; (5) he admitted having the stolen computer;
(6) he "had bloodshot eyes and looked very nervous;" and (7) he said he would go inside and retrieve
the computer while officers remained on the porch); Estrada v. State, 154 S.W.3d 604, 605-06 (Tex.
Crim. App. 2005) (exigent circumstances where officer smelled marijuana, knocked and announced,
then heard people "running" inside, and, after no one answered, he saw two vehicles quickly exiting
the driveway); United States v. Mata, 517 F.3d 279, 289 (5th Cir. 2008) (exigent circumstances
existed where officers knew that (1) occupants possessed contraband "with absolute certainty;" (2)
knew they "had only hours" before the occupants would deliver the drugs; (3) numerous cars were
entering and exiting the premises; and (4) "individuals were conducting counter-surveillance--keeping an eye out for law enforcement"); United States v. Jones, 239 F.3d 716, 721
(5th Cir. 2001) (exigency where officers suspected, but were not certain, that criminal activity was
occurring within home, knocked, and saw firearm in plain view within reach of occupant when he
opened the door), cert. denied, 534 U.S. 861 (2001).
6. The State argues that, although the deputy did not testify that he entered the residence out of
concern for the child's safety, objective evidence of an exigency will justify an officer's warrantless
entry irrespective of his subjective motives. See Bond v. United States, 529 U.S. 334, 339 n.2 (2000)
("[T]he subjective intent of the law enforcement officer is irrelevant in determining whether that
officer's actions violate the Fourth Amendment.").