IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0388-12






MARCOS TURRUBIATE, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


BEXAR COUNTY





 Keller, P.J., filed a dissenting opinion.



 The Court holds that the potential danger of the destruction of evidence in this case
did not create exigent circumstances. The Court then remands the case to the court of
appeals to address an issue not previously addressed, namely, whether exigent circumstances
were created by potential child-safety concerns. I would hold that the evidence here
supported a finding of exigent circumstances. I therefore respectfully dissent.

 I believe that the Court has properly applied the United States Supreme Court's ruling
in Kentucky v. King (1) to our case law, re-formulating the McNairy v. State (2) factors for
determining the reasonableness of a warrantless search of a home to prevent the destruction
of evidence. I disagree, however, with the Court's application of that new formulation to the
facts of this case.

 The Court concludes that the ultimate question to consider when determining whether
there were exigent circumstances is "whether there is proof that the officer reasonably
believed that removal or destruction of evidence was imminent." In answering that question,
the Court acknowledges that it is appropriate to consider "whether occupants know the police
are 'on their trail' and whether the evidence is readily destructible . . . ." 

 Here, Deputy Chavarria testified that he felt he needed to act quickly to secure any
evidence for the "judicial procedure" and that obtaining a warrant "would require [him] to
leave, and at that point, that would create a compromise, as far as the evidence is concerned,
that would make the evidence available for destruction." Thus, he "was unable to leave." 
This was a reasonable conclusion on the deputy's part because Lopez returned to the
apartment with a deputy only a short time after his first visit, and because there was a strong
smell of the marijuana coming from appellant's home. Accordingly, it was reasonable for
the trial court to infer that appellant was also aware of the smell (3) and, as a result, thought that
the police were "on his trail" when he saw the deputy standing at the door. Because there
was information that caused Deputy Chavarria to reasonably believe that appellant would be
aware that the police were on his trail for marijuana possession, it was reasonable for the
deputy to believe that appellant would immediately seek to remove or destroy the drugs. 

 The Court states that it "can conceive of many instances in which an occupant
possessing illegal narcotics would not attempt to destroy them after a police officer has
identified himself at the occupant's door." I agree with the Court's implication that a
defendant's knowledge of the police's presence, even if coupled with probable cause, is not
enough to create an exigency justifying a warrantless entry. To justify a warrantless entry
into a home to prevent destruction of evidence, the record must support a reasonable belief
that the occupants of the home believed that the police were aware of the contraband. If
there is no reason for the occupant of the home to believe that an officer would be aware of
illegal activity, exigent circumstances are not established because there is little to no risk that
the contraband will be destroyed. The examples the Court gives to support its point,
however, are distinguishable from a situation like the one in the instant case because, unlike
in those examples, here there was a "very, very strong smell of marijuana coming from the
home," which was testified to by both Lopez and Deputy Chavarria. On this record--where 
Lopez returned within an hour with a police officer, and both Lopez and Deputy Chavarria
immediately smelled a very strong odor of marijuana--it was reasonable for the deputy to
believe that appellant knew that the deputy was aware of his marijuana possession. Thus,
Deputy Chavarria's belief that destruction of the contraband was imminent, and that he
needed to act quickly to prevent its destruction, was reasonable. Therefore, the evidence in
this case supported the trial court's ruling.

 I would also point out that the Court relies on some cases that are of questionable
relevance in deciding this case. First, the Court discusses King v. Commonwealth (4)--the
ruling in the King case after it was remanded to the state court--for the purpose of showing
that the Supreme Court of Kentucky concluded that the sounds heard within the apartment
were not enough to establish exigent circumstances. But this question was not addressed by
the United States Supreme Court, and the value of the holding of the Kentucky Supreme
Court is limited. Nothing in the United States Supreme Court opinion, nor any relevant
ruling binding on this Court, requires that there be sounds coming from a home to establish
exigent circumstances.

 Second, the Court relies on an Eighth Circuit case, United States v. Ramirez, (5) because
it says that the facts there were "arguably more incriminating than those in the present case,"
and the federal court held that those facts "did not constitute exigent circumstances under
King." I do not believe that Ramirez is relevant to the instant case. Unlike in this case, there
was nothing in Ramirez that would make the occupants of the hotel room believe that the
police were aware of their drug possession. There, unlike here, the police did not arrive
roughly an hour after the hotel-room occupants were visited by another state employee with
the odor of illegal drugs wafting from the room. In Ramirez, there was no evidence of the
smell of illegal drugs coming from the room at all (nor any other indications of illegal
activity), so there was no reason for the occupants to believe that the police knew anything. 
The Eighth Circuit specifically stated, "There is no evidence that the men inside [the hotel
room] even knew the police were on their trail[,]" (6) which, in my view, makes this case
distinguishable.

 Furthermore, in Ramirez, the police tactics to get the men in the room to open the door
were egregious and explained why the occupant who opened the door quickly tried to close
it. There, the police tried to open the door themselves, and, after they failed, they covered
the peephole on the door and announced "housekeeping." The occupant had the right to try
and close the door on an uninvited person engaging in deception, and it was a natural
reaction to do so. That is in no way the case here, where there is nothing in the record to
suggest any deception on the deputy's part. Put simply, in contrast to the facts in Ramirez,
the quick return of Lopez with a deputy and the very strong smell of marijuana coming from
the apartment distinguishes this case from that one.

 I agree with the Court's legal conclusion regarding the effect that Kentucky v. King
had on our case law concerning when an officer may dispense with a warrant to enter a home
to prevent the destruction of evidence. However, I would hold that the officer in this case
had probable cause coupled with exigent circumstances to justify his warrantless entry into
appellant's home. Because the Court does not, I respectfully dissent.


Filed: April 10, 2013

Publish
1. 131 S. Ct. 1849, 179 L. Ed. 2d 865 (2011).
2. 835 S.W.2d 101 (Tex. Crim. App. 1991)
3. Appellant never testified concerning the smell of marijuana. But reviewing
courts are to give deference to the trial court's findings and all reasonable inferences
therefrom. See State v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex. Crim. App. 2000). It
was reasonable for the trial court to infer that, based on Lopez and Deputy Chavarria's
testimonies, appellant smelled the marijuana. This was bolstered by appellant's own
testimony that he only "slightly opened the door" when Lopez arrived the first time and
"barely cracked open the door" when both Lopez and the deputy arrived. 
4. 386 S.W.3d 119 (Ky. 2012).
5. 676 F.3d 755 (8th Cir. 2012)
.
6. Id. at 758.