**Ian J. LYDON, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee**

**NO. 2014–CA–001719–DG**

Court of Appeals of Kentucky.

RENDERED: MAY 13, 2016; 10:00 A.M.

BRIEF FOR APPELLANT: Erin Hoffman Yang, Frankfort, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General, Maureen Leamy, Assistant Attorney General, Frankfort, Kentucky

BEFORE: CLAYTON, MAZE, AND THOMPSON, JUDGES.

## OPINION

MAZE, JUDGE:

Ian Lydon appeals following his conditional plea of guilty to charges of Possession of Marijuana and Possession of Drug Paraphernalia. Lydon argues that the Christian Circuit Court erred in affirming the District Court's decision overruling his motion to suppress evidence observed and photographed when police entered his home without a warrant. We conclude that officers lacked any recognized exigent circumstance justifying their warrantless entry into Lydon's home. Therefore, we reverse and remand.

### Background

On March 6, 2013, officers were looking for a juvenile who was involved in an incident earlier that day. Officers received information that the juvenile was at Lydon's apartment. Officer Todd DeArmond of the Hopkinsville Police Department, along with an officer in training, conducted

a knock and announce at the front door of Lydon's apartment. When Lydon answered the door, Officer DeArmond informed him that he had reliable information that a juvenile was inside the home. When Lydon denied that anyone else was inside his apartment, Officer DeArmond, who could smell burning marijuana from his position just outside the apartment's front door, replied, "so the burnt marijuana that I smell coming from the residence is yours?" Before Lydon could answer, Officer DeArmond and the officer in training entered the home.

Immediately upon entering the home, Officer DeArmond and the officer in training observed the juvenile in question on the couch in Lydon's living room. The officers handcuffed the juvenile and Lydon and performed a visual, "protective sweep" of an adjoining room in Lydon's apartment. In the course of this sweep, Officer DeArmond observed marijuana, rolling papers, and a marijuana grinder in plain view. While Lydon was still handcuffed, Officer DeArmond asked for his consent to search his apartment, explaining that Lydon could consent or he could wait for police to obtain a warrant. Lydon signed a written consent for police to search his apartment. Officers ultimately issued Lydon a citation Possession of Marijuana and Possession of Drug Paraphernalia.

Lydon moved the District Court to suppress the items observed during the search of his apartment. At a hearing on the motion, Officer DeArmond testified to the above facts. He also testified that he entered the home to "secure the residence" and for the purpose of "preservation of evidence." Specifically, Officer DeArmond stated that he believed the burning marijuana indicated that evidence was being destroyed. Officer DeArmond stated that, prior to entering the residence, he had not seen the juvenile or any of the items for which he eventually cited Lydon.

Following the hearing, the District Court overruled Lydon's motion to suppress. Lydon subsequently entered a conditional plea of guilty, and the trial court sentenced him to ten days in jail, probated for two years. Lydon appealed the District Court's decision on his suppression motion to the Circuit Court which affirmed. The Circuit Court concluded that the odor of marijuana created sufficient exigent circumstance to justify warrantless entry into Lydon's home. The court also held that the protective sweep was justified by the officers' "vulnerable" position inside Lydon's apartment and the fact that Lydon had just lied to them concerning who was inside the apartment. Lydon sought discretionary review of the Circuit Court's decision before this Court, and we granted his request.

### Standard of Review

The standard of review on a ruling concerning suppression is well-settled. First, we must determine whether the lower court's findings of fact are supported by substantial evidence. If so, those findings are conclusive. *See Brumley v. Commonwealth,* 413 S.W.3d 280, 283–84 (Ky.2013) (citation omitted); *Adcock v. Commonwealth,* 967 S.W.2d 6, 8 (Ky.1998); and RCr 9.78. Second, we must perform a *de novo* review to determine whether the trial court's application of the law to those facts was correct. *Id.* at 284. *See also Garcia v. Commonwealth,* 185 S.W.3d 658, 661 (Ky. App 2006) (*quoting Stewart v. Commonwealth,* 44 S.W.3d 376, 380 (Ky.App. 2000)).

### Analysis

The Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution protect citi-

zens from unreasonable government searches and seizures. "[T]he touchstone of the Fourth Amendment is reasonableness ... measured in objective terms by examining the totality of the circumstances." *Ohio v. Robinette*, 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996). A search conducted without a warrant is *per se* unreasonable. *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *see also Cook v. Commonwealth*, 826 S.W.2d 329, 331 (Ky.1992).

Under certain exigent circumstances, including "securing a dwelling, on the basis of probable cause, to prevent the destruction or removal of evidence ...," police can enter a residence or private area without a warrant. *Commonwealth v. McManus*, 107 S.W.3d 175, 177 (Ky.2003) (*quoting Segura v. United States*, 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984). However, "exigent circumstances do not deal with mere possibilities, and the Commonwealth must show something more than a possibility that evidence is being destroyed to defeat the presumption of an unreasonable search and seizure." *King v. Commonwealth*, 386 S.W.3d 119, 123 (Ky. 2012). Finally, the Commonwealth bears the burden of proving that a warrantless entry fell within a recognized exception to the warrant requirement. *See Posey v. Commonwealth*, 185 S.W.3d 170, 173 (Ky. 2006) and *McManus* at 177.

Kentucky's Supreme Court has held that a "knock and talk" is "proper police procedure and may be used to investigate the resident of the property, provided that the officer goes only where he has a legal right to be." *Quintana v. Commonwealth*, 276 S.W.3d 753, 755 (Ky.2008). Lydon contends that the officers' entry into his home, without a warrant, probable cause, or exigent circumstances, was improper and outside the scope of the knock and talk. We agree.

In *King v. Commonwealth, supra*, officers announced their presence from outside an apartment door where they could smell marijuana and could hear "things being moved" inside the apartment. Based on this, officers kicked down the door, later asserting their belief that the sounds they heard were consistent with the commission of a crime and the destruction of evidence. The Kentucky Supreme Court ultimately disagreed, holding that the sounds and the odors police observed were insufficient to create the exigent circumstances necessary to justify warrantless entry into the apartment.

The Commonwealth contends that this case is distinguishable from *King*. We are inclined to agree given that the police in this case had even less indicia of criminal activity and exigent circumstances prior to entering Lydon's apartment. Unlike the police in *King*, Officer DeArmond encountered a responsive occupant of the home, Lydon; he did not hear shuffling coming from inside the home where Lydon said no one else was residing; and he heard nothing which would indicate the destruction of evidence. Nevertheless, Officer DeArmond entered. Given the similarities, but also these key differences, between this case and *King*, we find that case instructive, if not controlling. While our facts are somewhat different, our result must be the same.

The Commonwealth contends that the odor of marijuana Officer DeArmond observed while immediately outside the residence and the officers' observation of the juvenile combined to justify the officers' entry into the home. However, our recitation of long-standing search and seizure law reveals this reasoning to be axiomatically flawed. Officers did not observe the juvenile, and therefore had no articulable reason to believe Lydon was lying to them, until they crossed the threshold of his

apartment door. Prior to that, the only indicia of criminal activity was the odor of burning marijuana which can create probable cause but is insufficient, by itself, to create exigent circumstances justifying a warrantless entry. *See King.* By the time officers saw the juvenile for whom they were searching, they had exceeded the bounds of their knock and talk. By then, they were then in a place they had no legal right or justification to be.

In sum, to meet its burden of justifying a warrantless entry, the Commonwealth was required to show the existence of both probable cause and exigent circumstances existed. *King,* 386 S.W.3d at 122 (citations omitted); *see also Guzman v. Commonwealth,* 375 S.W.3d 805, 808 (Ky.2012). The Commonwealth failed to establish at least the latter; and therefore, the warrantless entry into, and search of, Lydon's apartment was *per se* unreasonable. It follows that the fruits of that search must be suppressed and that issues surrounding the subsequent protective sweep and Lydon's consent are moot.

## Conclusion

For the reasons above, we reverse the order of the Christian Circuit Court, and we vacate the District Court's final judgment, sentence, and Order of Probation. Finally, we remand the matter to the Garrard District Court for further proceedings consistent with our decision.

ALL CONCUR.