RENDERED: JANUARY 8, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1809-MR

COMMONWEALTH OF KENTUCKY            APPELLANT

               APPEAL FROM HENRY CIRCUIT COURT
v.                HONORABLE KAREN A. CONRAD, JUDGE
               ACTION NO. 19-CR-00013

KRISTEN M. NORTON            APPELLEE

## OPINION
## AFFIRMING

\*\* \*\* \*\* \*\* \*\*

BEFORE: COMBS, DIXON, AND MAZE, JUDGES.

MAZE, JUDGE: The Commonwealth appeals from an order of the Henry Circuit Court granting the motion to suppress evidence seized during a search of the apartment of the Appellee, Kristen Norton (Norton). The Commonwealth argues that there were exigent circumstances justifying the initial warrantless entry and search of Norton's apartment. As a result, the Commonwealth asserts that the search warrant was not tainted by any improper search and that the evidence seized

should not have been suppressed. Upon a review of the record, we agree with the trial court that the Commonwealth failed to carry its burden of proving exigent circumstances. Hence, we affirm the trial court's order suppressing the evidence.

On January 25, 2019, a Henry County grand jury returned an indictment charging Norton with twelve counts of unlawful transaction with a minor, second degree; and one count each of endangering the welfare of a minor, possession of drug paraphernalia, and possession of marijuana. Thereafter, Norton filed a motion to suppress evidence seized under a search warrant issued following a warrantless entry and search of her apartment. The matter then proceeded to a suppression hearing conducted on July 5, 2019.

The parties agree on the relevant facts as developed at the hearing. On November 30, 2018, Kentucky State Police Trooper Joshua Housley (Trooper Housley) responded to a New Castle residence following a report of a theft. The victim reported there was no sign of a forced entry and that only four firearms were taken. The victim also stated that Quentin Harris (Harris) had been living with the family, and Harris knew where the guns were located. Based on his interview with the victim and observation of the scene, Trooper Housley determined that Harris was likely involved. The victim further advised Trooper Housley that Harris was known to associate with M.B., a juvenile.

Trooper Housley then proceeded to M.B.'s address. The juvenile was not present, but his parents were at the residence. The parents told Trooper Housley that they had not seen M.B. that day and that they believed M.B. was with another juvenile, K.N. The parents were able to locate M.B.'s cellphone at Osage Apartments in New Castle.

Upon leaving M.B.'s residence, Trooper Housley requested backup from another officer. Trooper Paul Johnson (Trooper Johnson) met Trooper Housley at the apartment complex. After talking with several residents, the troopers were able to locate K.N.'s apartment. Trooper Johnson stood in front of the window of the apartment while Trooper Housley knocked. Trooper Johnson testified that he could see a little through the blinds and saw a person move to the back of the apartment. However, neither officer heard any noises from inside the apartment.

After about three minutes, Norton answered the door. Both troopers testified that they could smell marijuana when the door opened. But neither trooper testified that they observed any criminal activity at the time. Trooper Housley asked Norton if M.B. or Harris were present. Norton stated that she did not know but she would check. Norton started to close the door, but Trooper Housley put his hand on the door and told her not to close it.

Trooper Housley and Trooper Johnson then entered the apartment. Upon entering, they called out instructing all people who were present to come into the living room. Trooper Housley also walked to a back bedroom where he found more people present. Thirteen juveniles, including one seven-year old, were found in the apartment. Both troopers stated that there was no contraband in plain view. Once everyone was in the living room, the troopers identified Harris and M.B. The two then accompanied Trooper Johnson outside the apartment.

At that point Trooper Housley asked Norton for permission to search the apartment. She declined and requested he obtain a warrant. Trooper Housley contacted Kassidy Dees, Assistant Henry County Attorney, who instructed Trooper Housley to conduct another sweep of the apartment. The troopers then obtained a search warrant. The subsequent search produced the stolen firearms, marijuana, and drug paraphernalia.

In response to the suppression motion, the Commonwealth argued that the troopers properly entered the apartment to stop the destruction of evidence and to ensure the safety of juveniles who were in the presence of marijuana and firearms. The trial court found no exigent circumstances justifying the warrantless search. It noted that there was no evidence that anyone in the apartment was injured or in danger of imminent injury, and no person called out requesting help. In addition, the trial court also pointed out that neither trooper identified anything

-4-

to indicate that evidence was being destroyed.  Finally, the trial court stated that the persons of interest in the investigation, Harris and M.B., had already left the apartment at the time the second search was conducted.

Based upon these factors, the trial court concluded that the Commonwealth failed to meet its burden demonstrating exigent circumstances justifying the warrantless entry and search of the apartment.  It also found that the information in support of the search warrant was obtained directly from the warrantless entry and search of the apartment.  Consequently, the trial court granted Norton's motion to suppress all evidence seized.

The Commonwealth now appeals from this order.  While an order granting a motion to suppress is technically interlocutory, KRS[1] 22A.020(4) permits the Commonwealth to appeal from an interlocutory order granting a defendant's motion to suppress evidence.  *See Parker v. Commonwealth*, 440 S.W.3d 381 (Ky. 2014) and *Ballard v. Commonwealth*, 320 S.W.3d 69 (Ky. 2010).  Consequently, the Commonwealth's appeal is properly before this Court.

The Commonwealth argues that the trial court erred in granting Norton's motion to suppress evidence seized following the search of her apartment.  RCr[2] 8.27 sets out the procedure for conducting a suppression hearing.

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Criminal Procedure.

When the trial court conducts a hearing, our standard of review is two-fold. "First, the factual findings of the court are conclusive if they are supported by substantial evidence"; and second, this Court conducts "a *de novo* review to determine whether the [trial] court's decision is correct as a matter of law." *Stewart v. Commonwealth*, 44 S.W.3d 376, 380 (Ky. App. 2000) (footnote omitted) (citing *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998)).

As a general rule, warrantless searches are unreasonable *per se*, "subject only to a few specifically established and well-delineated exceptions." *Helphenstine v. Commonwealth*, 423 S.W.3d 708, 714 (Ky. 2014) (quoting *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967)). Among these recognized exceptions is when "the exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment." *Mincey v. Arizona*, 437 U.S. 385, 394, 98 S. Ct. 2408, 2414, 57 L. Ed. 2d 290 (1978) (internal quotation marks and citations omitted). The Commonwealth argues that there were exigent circumstances which required the troopers to enter and secure the apartment without a warrant; namely, the need to secure the safety of the juveniles and to prevent the destruction of evidence.

In determining if this exception applies, we do not rely on the subjective intent of the officers; rather, we must ask "whether there was 'an

-6-

objectively reasonable basis for believing' that medical assistance was needed, or persons were in danger." *Pace v. Commonwealth*, 529 S.W.3d 747, 754 (Ky. 2017) (quoting *Goben v. Commonwealth*, 503 S.W.3d 890, 913 (Ky. 2016)). The Commonwealth argues that the potential presence of firearms and the presence of marijuana around the juveniles warranted an immediate entry. We disagree.

As noted, the trial court found no evidence that any person in the apartment was in imminent danger or in need of immediate assistance. At the time the troopers entered the apartment, they only had a suspicion that M.B. could be there. Furthermore, they had no direct information that Harris, the person suspected of the firearm theft, was with him at the time. And while the smell of an illegal substance may provide probable cause for a search warrant, it is not sufficient to justify a warrantless search absent a showing of exigent circumstances. *King v. Commonwealth*, 386 S.W.3d 119, 122 (Ky. 2012).

Similarly, the mere possibility that evidence may be destroyed is not sufficient to provide exigent circumstances to justify a warrantless entry. *Id.* at 122-23. Although the troopers noted the smell of burnt marijuana, there was no testimony, such as the sound of flushing toilets or a garbage disposal, to suggest that evidence was being destroyed. And the suspected firearms could not be so easily destroyed. Consequently, we agree with the trial court that the Commonwealth failed to demonstrate exigent circumstances justifying the

warrantless search of Norton's apartment.  Because the warrant was based entirely on information obtained in the initial searches, we also conclude that the trial court properly suppressed the evidence seized during the execution of the warrant.

Accordingly, we affirm the order of the Henry Circuit Court granting Norton's motion to suppress.

ALL CONCUR.


BRIEF FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Joshua E. Clubb
Special Assistant Attorney General
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Erin Hoffman Yang
Frankfort, Kentucky